# Supreme Court of Florida

No. SC22-1674

**IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE 8.013 AND 8.350.**

January 5, 2023

PER CURIAM.

The Juvenile Court Rules Committee (Committee) has filed a fast-track report proposing amendments to Florida Rules of Juvenile Procedure 8.013 (Detention Petition and Order) and 8.350 (Placement of Child into Residential Treatment Center After Adjudication of Dependency).[1]  The proposed amendments are in response to newly enacted legislation.  *See* chs. 2022-55, 2022-181, Laws of Fla.  The Board of Governors of The Florida Bar approved the proposed amendments to rule 8.013 by a vote of 32-10, and it unanimously approved the proposed amendments to rule 8.350.

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

The Committee did not publish the proposals for comment before filing them with the Court.

Having considered the Committee's report and the relevant legislation, we hereby amend rules 8.013 and 8.350 as proposed by the Committee, except for the addition of proposed rule 8.013(c)(3), which is severed from this case and will be considered separately in *In re Amendments to Florida Rule of Juvenile Procedure 8.013*, No. SC23-1.

Rule 8.013 is amended to include new subdivisions (b) (Additional Requirements for Supervised Release Detention) and (c) (Additional Requirements for Secure Detention). New subdivision (b) requires that all motions to extend supervised release detention be in writing, and that if a child is placed on supervised release detention prior to an adjudicatory hearing, a court must conduct a hearing within 15 days of the 60th day of detention. New subdivision (c): (1) requires that a motion to extend a child's secure detention be in writing and heard by a court before expiration of the current period of detention; (2) permits a court to order the continued detention of a child upon written findings if the child meets the criteria for continued detention; and (3) directs a court to

order that an adjudicatory hearing commence as soon as reasonably possible.

Next, the title of rule 8.350 is amended to read "Placement of Child into Residential Treatment Program," and references throughout the rule to "residential treatment center," "residential treatment center or hospital," and "residential mental health treatment facility" are replaced with "residential treatment program." Subdivision (a)(3) of the rule is amended to require the Department of Children and Families to provide a copy of the qualified evaluator's assessment of a child's suitability for placement in a residential treatment program to the court and all parties within five days of its receipt.

Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their

adoption, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, and GROSSHANS, JJ., concur.
FRANCIS, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

---

2. All comments must be filed with the Court on or before March 21, 2023, with a certificate of service verifying that a copy has been served on the Committee Chair, Stephanie C. Zimmerman, DCF Children's Legal Services, 1301 6th Avenue West, Suite 101, Bradenton, Florida 34205, stephanie.zimmerman@myflfamilies.com, and on the Bar Staff Liaison to the Committee, Michael Hodges, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, mhodges@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until April 11, 2023, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

Stephanie C. Zimmerman, Chair, Juvenile Court Rules Committee, Bradenton, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, Elizabeth Clark Tarbert and Michael Hodges, Staff Liaisons, The Florida Bar, Tallahassee, Florida,

for Petitioner

**Appendix**

**RULE 8.013.   DETENTION PETITION AND ORDER**

**(a)  Time Limitation.** No child taken into custody shall be detained, as a result of the incident for which taken into custody, longer than as provided by law unless a detention order so directing is made by the court following a detention hearing.

**(b) Additional Requirements for Supervised Release Detention.**

(1) All motions to extend detention as provided by law must be in writing and filed with the court.

(2) For a child who is placed on supervised release detention care prior to an adjudicatory hearing the court must conduct a hearing within 15 days after the 60th day. Upon written findings as provided by law, the court may order the child to continue on supervised release detention until the adjudicatory hearing is completed.

**(c) Additional Requirements for Secure Detention.**

(1) All motions to extend detention as provided by law must be in writing and filed with the court.

(2) A written motion to extend secure detention must be heard before the expiration of the current period to determine the need for continued secure detention care. If the child meets the criteria for continued secure detention as provided by law, the court may order the child to continue secure detention upon the required written findings. The court must order that the adjudicatory hearing commence as soon as reasonably possible.

**(b̶d)  Petition.** The detention petition shall:

(1)-(4)      [No change]

- 6 -

(5)  recommend the place where the child is to be detained or the agency to be responsible for the detention; and

(6)  be signed by an authorized agent of the Department of Juvenile Justice or by the state attorney or assistant state attorney; and

(7) state the conditions, if any, being requested that are necessary to preserve public safety or to ensure the child's safety or appearance in court.

**(e~~e~~) Order.** The detention order shall:

(1)-(9)  [No change]

**RULE 8.350.  PLACEMENT OF CHILD INTO RESIDENTIAL TREATMENT ~~CENTER AFTER ADJUDICATION OF DEPENDENCY~~PROGRAM**

**(a)  Placement.**

(1)  *Treatment ~~Center~~Program Defined.* Any reference in this rule to a residential treatment ~~center~~program is to a placement for observation, diagnosis, or treatment of an emotional disturbance in a residential treatment center or facility licensed under section 394.875, Florida Statutes, ~~for residential mental health treatment. Any reference to hospital is to~~or a hospital licensed under chapter 395, Florida Statutes~~, for residential mental health treatment~~. This rule does not apply to placement under sections 394.463 or 394.467, Florida Statutes.

(2)  *Basis for Placement.* The placement of any child ~~who has been adjudicated dependent~~ for residential mental health treatment ~~shall~~must be as provided by law.

(3)  *Assessment by Qualified Evaluator.* Whenever the department believes that a child in its legal custody may require placement in a residential treatment ~~center or hospital~~program, the department ~~shall~~must arrange to have the child assessed by a qualified evaluator as provided by law and ~~shall~~must file notice of

this with the court and all parties. ~~Upon~~On the filing of this notice by the department, the court ~~shall~~must appoint a guardian ad litem for the child, if one has not already been appointed, and ~~shall~~must also appoint an attorney for the child. All appointments ~~pursuant to~~under this rule ~~shall~~must conform to the provisions of rule 8.231. Both the guardian ad litem and attorney ~~shall~~must meet the child and ~~shall~~must have the opportunity to discuss the child's suitability for residential treatment with the qualified evaluator conducting the assessment. ~~Upon~~On the completion of the evaluator's written assessment, the department ~~shall~~must provide a copy to the court and to all parties within 5 days after the department's receipt of the assessment. The guardian ad litem ~~shall~~must also provide a written report to the court and to all parties indicating the guardian ad litem's recommendation as to the child's placement in residential treatment and the child's wishes.

(4) *Motion for Placement.* If the department seeks to place the child in a residential treatment ~~center or hospital~~program, the department ~~shall~~must immediately file a motion for placement of the child with the court. This motion ~~shall~~must include a statement as to why the child is suitable for this placement and why less restrictive alternatives are not appropriate and also ~~shall~~must include the written findings of the qualified evaluator. The motion ~~shall~~must state whether all parties, including the child, are in agreement. Copies of the motion must be served on the child's attorney and all parties and participants.

(5) *Immediate Placement.* If the evaluator's written assessment indicates that the child requires immediate placement in a residential treatment ~~center or hospital~~program and that such placement cannot wait for a hearing, then the department may place the child pending a hearing, unless the court orders otherwise.

(6) [No change]

(7) *Status Hearing.* ~~Upon~~On the filing of a motion for placement, the court ~~shall~~must set the matter for a status hearing within 48 hours, excluding weekends and holidays. The department

shallmust timely provide notice of the date, time, and place of the hearing to all parties and participants.

(8) *Notice of Hearing.* The child's attorney or guardian ad litem shallmust notify the child of the date, time, and place and communication technology information for the hearing. No hearing shallmay proceed without the presence of the child's attorney. The guardian ad litem may be excused by the court for good cause shown.

(9) *Disagreement with Placement.* If no party disagrees with the department's motion at the status hearing, then the motion for placement may be approved by the court. However, if any party, including the child, disagrees, then the court shallmust set the matter for hearing within 10 working days.

(10) *Presence of Child.* The child shallmust be present at the hearing unless the court determines pursuant tounder subdivision (c) that a court appearance is not in the child's best interest. In such circumstances, the child shallmust be provided the opportunity to express his or her views to the court by a method deemed appropriate by the court.

(11) *Hearing on Placement.*

(A) At the hearing, the court shallmust consider, at a minimum, all of the following:

(i) based on an independent assessment of the child, the recommendation of a department representative or authorized agent that the residential treatment or hospitalization is in the child's best interest and a showing that the placement is the least restrictive available alternative;

(ii)-(iv) [No change]

(B) All parties shallmust be permitted to present evidence and witnesses concerning the suitability of the placement.

(C)    If the court determines that the child is not suitable for residential treatment, the court ~~shall~~must order the department to place the child in the least restrictive setting that is best suited to meet the child's needs.

**(b)    Continuing Residential Placement Reviews.**

(1)    The court ~~shall~~must conduct a hearing to review the status of the child's residential treatment plan no later than 60 days after the child's admission to the residential treatment program. An independent review of the child's progress toward achieving the goals and objectives of the treatment plan must be completed by a qualified evaluator and submitted to the court, the child's attorney, and all parties in writing at least 72 hours before the 60-day review hearing.

(2)    Review hearings ~~shall~~must be conducted every 3 months thereafter, until the child is placed in a less restrictive setting. At each 3-month review hearing, if the child is not represented by an attorney, the court ~~shall~~must appoint counsel. At the 3-month review hearing the court ~~shall~~must determine whether the child disagrees with continued placement.

(3)    If the court determines at any hearing that the child is not suitable for continued residential treatment, the court ~~shall~~must order the department to place the child in the least restrictive setting that is best suited to meet the child's needs.

**(c)    Presence of Child.** The child ~~shall~~must be present at all court hearings unless the court finds that the child's mental or physical condition is such that a court appearance is not in the child's best interest. In such circumstances, the child ~~shall~~must be provided the opportunity to express his or her views to the court by a method deemed appropriate by the court.

**(d)    Standard of Proof.** At the hearing, the court ~~shall~~must determine whether the evidence supporting involuntary commitment of a dependent child to a residential ~~mental health treatment facility~~treatment program is clear and convincing.